IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clifton Daryl Ray Liewald, ) | Civil Action No.: 8:13-cv-1434-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dr. Woods, Chief Psychiatrist; and ) | |
| Mr. DuBose, Division Director of ) | |
| Mental Health, *in their official* ) | |
| *capacities*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Clifton Daryl Ray Liewald ("Plaintiff"), a state prisoner proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on May 29, 2013. *See* Compl., ECF No. 1. On November 1, 2013, Defendants filed a motion for summary judgment. *See* Mot. for Summ. J., ECF No. 25. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* R & R, ECF No. 40. In her R & R, the Magistrate Judge recommends dismissing the case pursuant to Rule 41(b) of the Federal Rules of Civil procedure ("FRCP") for failure to prosecute and failure to comply with this Court's Orders. *See id.* at 3.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

In the R & R, the Magistrate Judge recommends the Court dismiss the case pursuant to Rule 41(b) of the FRCP. The Magistrate Judge noted that Defendants filed their motion for summary judgment back in November of 2013. After this motion was filed, the Court issued its customary order in *pro se* matters advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the motion. *See* Order, ECF No. 26. The deadline to respond to Defendants' motion was December 9, 2013. Plaintiff did not file a response. Out of an abundance of caution due to Plaintiff's *pro se* status, the Court issued an order on December 13, 2013 giving Plaintiff until January 2, 2014 to file any response to the motion for summary judgment. *See* Order, ECF No. 34. Plaintiff failed to file a response, and, as a result, the Magistrate Judge issued her R & R recommending dismissal due to Plaintiff's noncompliance with these Orders and his failure to prosecute the case.

Objections to the R & R were due by June 26, 2014, and Plaintiff timely objections. *See* Pl.'s Objs., ECF No. 42. In his objections, Plaintiff requests "a continuance in this case" because he has now has better access to the law library and is in the appropriate "frame of mind" to continue with his case. *See id.* at 2. Plaintiff indicates that he had previously been suffering from depression and did not have sufficient access to legal research to proceed with his case. *See id.* at 1–2.

As the Magistrate Judge correctly explained, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Moreover, "[f]ederal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va. 1991)).

The Fourth Circuit has set forth four factors for determining whether dismissal with prejudice pursuant to Rule 41(b) is appropriate: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history of deliberately proceeding in a dilatory fashion'; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). However, the Fourth Circuit has also explained that these factors are "not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. In *Ballard*, the court reasoned that:

> The Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact . . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse.

*Id.* at 95–96.

Plaintiff's objections are insufficient to overcome the Magistrate Judge's rationale as set forth in the R & R. As she explained, Plaintiff had over six months to respond to the Motion, and despite being warned in two separate Orders of the possible consequences if he failed to respond, he did not file any response. *See* ECF No. 40 at 2–3. In fact, Plaintiff made no filings at all, not even a request for an extension of time. Accordingly, the Magistrate Judge found that sanctions less drastic than dismissal would not be effective. *See id.* at 3.

Plaintiff's arguments in his objections that he was unable to prepare a response because he lacked access to legal research and was depressed fall flat. Plaintiff should have informed the Court of these problems when they arose, and requested an extension of time prior to the deadlines expiring. That would have apprised the Court of the status of the matter and his reasons for delay. Instead, Plaintiff simply disregarded the orders of this Court. Plaintiff even readily admits in his objections that he ignored all of his mail for an extended period of time. In any event, Plaintiff explains in his objections that the last two and a half months "have been better due to changed circumstances." *See* ECF No. 42 at 2. He asserts that he is no longer depressed and has access to the law library. Despite this, the Court received no filings from Plaintiff until the Magistrate Judge recommended dismissing the case. Accordingly, the Court finds that Plaintiff objections lack merit and dismissal is warranted.

4

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** *with prejudice* pursuant to Rule 41(b) of the FRCP for failure to prosecute and failure to comply with this Court's Orders. Plaintiff's motion to appoint counsel, ECF No. 43, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
July 3, 2014